# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-2120

STEPHANIE ODELL, an individual,

       Plaintiff,

v.

REAL TIME RESOLUTIONS, INC., a Texas limited liability company, and HASCO NIM (CAYMAN) COMPANY 2006-OPT1, an organization of unknown type,

       Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action brought by Stephanie Odell (the "**Plaintiff**"), an individual, against Real Time Resolutions, Inc. (the "**Debt Collector**"), for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from misrepresenting the legal status of a debt, and an action to quiet title to real property.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claim in this action that it forms part of the same case or controversy.

00033047. 4

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in the County of Arapahoe, State of Colorado.

6. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

7. The Debt Collector is a limited liability company that collects debts from consumers in the State of Colorado.

8. The Debt Collector has a place of business at 1349 Empire Central Drive, Suite 150, Dallas, Texas 75247.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

11. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant HASCO NIM (Cayman) Company 2006-OPT1 ("**HASCO**") is a business organization of unknown type.

13. On information and belief, HASCO is a trust organized for the acquisition of residential mortgages.

## FACTS

14. On or about October 5, 2005, Plaintiff incurred a monetary obligation (the "**Debt**") to Option One Mortgage Corporation (the "**Creditor**") in the amount of $55,400.00.

15. The Debt is a second mortgage, and was incurred primarily for personal, family, or household purposes

16. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. The Debt was evidenced by a promissory note (the "**Note**") and secured by a deed of trust ("**Deed of Trust**").

18. The Deed of Trust encumbers real property owned by Plaintiff, commonly known as 4443 South Himalaya Circle, Aurora, Colorado 80015, and legally described as:

> LOT 24, BLOCK 2, WILLOW TRACE SUBDIVISION FILING
> NO. 3, COUNTY OF ARAPAHOE, STATE OF COLORADO.

(the "**Property**").

19. On information and belief, HASCO is the owner of the Debt.

20. On or before June 2, 2008, the Debt went into default.

21. On or about January 9, 2009, Plaintiff received a Notice of Assignment, Sale or Transferring Rights (the "**Notice**") from the Debt Collector.

22. The Notice informed Plaintiff that American Home Mortgage Servicing, Inc. had transferred the servicing rights for the Debt to the Debt Collector.

23. The Notice alleged that the payment necessary to satisfy the entire Debt was $59,325.77.

24. From and after the date when American Home Mortgage Servicing, Inc. transferred the servicing rights for the Debt to the Debt Collector, the Debt Collector has been attempting to collect the Debt.

25. In or around August of 2010, Plaintiff made a payment to the Debt Collector, which did not cure the default.

26. Plaintiff has not made any payments since August of 2010, and the Debt is still in default.

27. In or about August of 2016, the statute of limitations ran on the Debt.

28. On or about February 9, 2018, the Debt Collector sent an account statement to Plaintiff (the "**February Statement**").

29. In the February Statement, the Debt Collector alleged that Plaintiff owed $66,540.68 to bring the Debt current.

30. In the February Statement, the Debt Collector sought payment on amounts that were barred by the statute of limitations.

31. On or about March 9, 2018, the Debt Collector sent an account statement that alleged that Plaintiff owed $67,112.30 to bring the Debt current (the "**March Statement**").

32. In the March Statement, the Debt Collector sought payment on amounts that were barred by the statute of limitations.

33. On or about March 19, 2018, Plaintiff received a letter from the Debt Collector, informing her that she was approved for two potential repayment options in response to her request for loss mitigation.

34. The first option required Plaintiff to pay to the Debt Collector a lump sum in the amount of $117,403.03.

35. The Debt Collector states that this amount is a 1% reduction from the full payoff balance, which is confusing, misleading, misrepresentative of the amount owed for the debt, and unclear.

36. On or about July 9, 2019, the Debt Collector sent an account statement that alleged Plaintiff owed $69,398.78 to bring the amount owed on the Debt current (the "**July Statement**").

37. In the July Statement, the Debt Collector sought payment on amounts that were barred by the statute of limitations.

38. No payments have been made on the Debt in over six years.

39. The statute of limitations has run on the Note.

40. When the statute of limitations runs on the obligation secured by a deed of trust, the deed of trust ceases to be a lien on real property.

41. The Debt Collector has been attempting to collect on an invalid debt since August of 2016.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.* – Against the Debt Collector)

42. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

43. At all times material hereto, Plaintiff was a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

44. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

45. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

46. The FDCPA prohibits debt collectors from misrepresenting the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

47. The Debt Collector violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount Plaintiff owes on the Debt.

48. The FDCPA prohibits debt collectors from the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

49. The Debt Collector violated 15 U.S.C. § 1692e(10) by representing to Plaintiff that the Debt was still due and owing.

50. The foregoing acts and omissions of the Debt Collector constitute violations of the FDCPA.

51. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

52. Plaintiff is entitled to damages, including attorney fees and costs, under the FDCPA, in an amount to be determined at trial. 15 U.S.C. § 1692(k)(a)(3).

## COUNT II
### (Quiet Title – Against Defendant HASCO)

53. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

54. On information and belief, HASCO is the holder of the Note.

55. On information and belief, HASCO is the beneficiary of the Deed of Trust, which secures repayment of the Note.

56. Colorado law requires that all actions to enforce the rights set forth in any instrument securing the payment of or evidencing any debt shall be commenced within six years after the cause of action accrues. Colo. Rev. Stat. § 13-80-103.5(1)(a).

57. The accrual of the cause of action relates back to the date that the creditor was first lawfully permitted to accelerate the debt. Lovell v. Goss, 45 Colo. 304, 101 P. 72 (1909).

58. On or before June 2, 2008, Plaintiff's Debt became delinquent.

59. On or before July 2, 2008, Defendant HASCO was lawfully permitted to accelerate the Note.

60. In or around August of 2010, Plaintiff made a payment on the Debt.

61. Plaintiff did not make any payments on the Debt after August of 2010.

62. In or around August of 2016, the statute of limitations ran on the Note.

63. Over six years have passed since the date of default on the Note.

64. Over six years have passed since the date of Plaintiff's last payment on the Note.

65. As the statute of limitations has run on the Note, the Deed of Trust is no longer a lien against the Property.

66. Plaintiff is entitled to an order from this Court declaring that the statute of limitations has run on the Debt and that the Property is no longer encumbered by the Deed of Trust.

## COUNT III
### (Declaratory Action – Against Defendant HASCO)

67. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

68. In or around August of 2016, the statute of limitations ran on the Note.

69. Plaintiff is informed and believes that the Debt Collector, on behalf of HASCO, may claim that the statute of limitations has not run on the Note.

70. An actual and justiciable controversy exists as to whether the statute of limitations ran on the Note.

71. Plaintiff is entitled to a declaration that the statute of limitations ran on the Note.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephanie Odell prays for relief and judgment against the Debt Collector and HASCO as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 against the Debt Collector;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k against the Debt Collector;

3. This Court issue a declaratory judgment that the statute of limitations has run on the Note, and that the Deed of Trust no longer encumbers Plaintiff's property;

4. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

5. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

6. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 20, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com