**UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02120-RBJ-SKC

STEPHANIE ODELL

      Plaintiffs,

v.

REAL TIME RESOLUTIONS, INC., HASCO NIM (CAYMAN) COMPANY 2006-OPT1, and
SU RYDEN, in her official capacity as the Public Trustee for the County of Arapahoe, State of
Colorado,

      Defendants.

---

**DEFENDANT REAL TIME RESOLUTIONS, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS COMPLAINT**

---

Defendant Real Time Resolutions, Inc.  ("RTR" or "Defendant") submits this reply to the

Opposition (the "Opposition"), Docket No. 39 to RTR's Motion to Dismiss, Docket No. 24.

## I.      INTRODUCTION

As set forth in the Motion to Dismiss, the Complaint should be dismissed with prejudice for

failure to state a claim on which relief can be granted.  The Complaint is rooted in Plaintiff's theory

that the statute of limitations has expired with respect to the Note and Deed of Trust entered into by

Plaintiff in 2005.[1]  Plaintiff's theory is incorrect – the statute of limitations has not expired.  Because

the statute of limitations has not expired, RTR cannot have violated the FDCPA by attempting to

collect time-barred debt.

Plaintiff's argument that Colorado Supreme Court precedent conflicts with the Colorado Court

of Appeals decision cited by RTR in the Motion to Dismiss and compels a different result is based

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Motion To
Dismiss.

upon an incorrect reading of these cases.[2]   Rather, a careful reading of the cases cited by Plaintiff

demonstrates that the statute of limitations with respect to her entire debt will not commence running

until the date the Note matures according to its terms or is otherwise accelerated.  Because the Note

has neither matured nor been accelerated, the statute of limitations has not yet commenced to run,

much less expired.

Plaintiff's reading of *Hassler v. Account Brokers of Larimer County, Inc.*, 274 P. 3d 547 (Colo.

2012) and *Castle Rock Bank v. Team Transit, LLC,*  292 P.3d 1077 (Colo. App. 2012) ignores a crucial

distinction to which both of those cases paid careful attention – the distinction between having the

right to accelerate the maturity of a note and actually doing so.  It is only by eliding this distinction

that Plaintiff can argue that *Hassler* compels the conclusion that RTR's cause of action accrued with

respect to the entire amount due under the Note immediately upon Plaintiff's failure to make an

installment payment and it is only by eliding this distinction that Plaintiff can argue that the holding

of *Castle Rock Bank* is inconsistent with the holding of *Hassler.*  In fact, however, both the *Hassler*

court and the *Castle Rock Bank* court paid careful attention to the distinction between having a right

to accelerate and actually accelerating.  When read with this distinction in mind, both *Hassler* and

*Castle Rock Bank* support RTR's position – that a cause of action with respect to the entire debt will

accrue upon the maturity of the Note, whether that maturity occurs on the date set forth in the Note or

is accelerated by an unequivocal act.

---

[2] Plaintiff suggests that the alleged conflict between *Hassler* and *Castle Rock Bank* warrants certification of a question to the Colorado Supreme Court, but has not yet filed a motion to certify such a question.  RTR reserves its rights to oppose any such motion.

II.    **ARGUMENT**

   A.   ***Hassler* Does Not Stand For the Proposition That A Cause of Action With Respect To The Full Amount Due Under A Note Accrues Upon The Date Of The First Missed Payment.**

Plaintiff cites *Hassler v. Account Brokers of Larimer County, Inc.*, 274 P.3d 547 (Colo. 2012) for the proposition that when a note is payable in installments, a cause of action accrues and the statute of limitations begins to run with respect to an individual installment on the date that such installment becomes due and unpaid. Opposition pp. 7-9. While this may be true with respect to certain promissory notes, Plaintiff's suggestion that *Hassler* and *Lovell v. Gross*, 45 Colo. 304, 101 P.72 (Colo. 1909) dictate that the statute of limitations begins to run as to the entire balance of the Note as of the date of her first missed installment, or in the alternative, that certain installments due more than 6 years ago are time-barred, both overgeneralizes and misapplies the holding in *Hassler*.[3]

*Hassler* held that a cause of action accrues, and the statute of limitations begins to run, *with respect to a missed installment payment* on the date that installment payment becomes due and unpaid, *Hassler*, 274 P.3d at 553 (emphasis added), but that when an installment note is accelerated "the entire remaining balance of the loan becomes due immediately and the statute of limitations is triggered for all installments that had not previously become due." *Id.,* citing *In re Church*, 833 P.2nd 813, 814-815 (Colo. App. 1992) and *Bay Area Laundry & Dry Cleaning*

---

[3] Plaintiff similarly overstates *Lovell*'s holding. *Lovell* addressed a promissory note with a mandatory acceleration clause upon default (unlike the Note at issue in this case), meaning that the default date and acceleration date were the same in that case. *Lovell* does not stand for the proposition that the default date is controlling for all statute of limitations purposes; otherwise, the decision in *Hassler* would have been much different, as the court would not have needed to determine whether or not an act of acceleration had occurred. In fact, the Supreme Court in *Hassler* acknowledges that *Lovell* runs counter to the majority rule in most jurisdictions as well as to the later-enacted UCC. *See Hassler*, 274 P.3d at 557, n.11.; *see also Paggen v. Bank of Am. N.A.,* 2018 U.S. Dist. LEXIS 145364 at *10 (noting that *Lovell* appears to be ripe for reconsideration). Plaintiff's Note contains an optional acceleration clause and requires the payment of all outstanding sums at maturity, thereby rendering *Lovell* inapposite with respect to the Note.

*Pension Trust Fund v. Ferbar Corp. of Cal.* 552 U.S. 192, 208-209 (1997).  Having made this determination, the Court then held that because both notes had been accelerated more than six years before the litigation had been filed, the statute of limitations had expired.  *Id.* at 553-558. Contrary to Plaintiff's suggestions, *Hassler* did not hold that the statute of limitations as to all amounts due under an installment note expires six years after a borrower's first missed payment. Moreover, as outlined below, *Hassler* did not address an unaccelerated, unmatured promissory note. Here, RTR has not accelerated the Note and Plaintiff concedes as much. *See* Complaint ¶¶ 46, 49.  The Note also has not matured.  Accordingly, pursuant to the Supreme Court's analysis in *Hassler*, the statute of limitations for the full amount payable under the Note will not begin to run until the Note matures or is accelerated.

        **B.**      *Castle Rock Bank* **Is Not Inconsistent With** *Hassler***.**

Plaintiff suggests that the Colorado Court of Appeal's decision in *Castle Rock Bank v. Team Transit, LLC*, 292 P.3d 1077 (Colo. App. 2012) conflicts with *Hassler*. Opposition pp. 8-9. It does not.  Far from failing to respect the Colorado Supreme Court's decision in *Hassler*, the Court of Appeals carefully followed *Hassler* and methodically applied that case's analytic framework to address a question left unanswered by *Hassler*.  That question was when the cause of action accrues with respect to an installment note which contains an optional acceleration clause but which has not yet been accelerated.  *Castle Rock Bank*, 292 P. 3d at 1085 ("we note that the supreme court did not resolve the issue whether the credit union's claim for the accelerated debt accrued on the date that the debt was accelerated, or on the date that the credit union was first permitted to accelerate the debt …").

After carefully reviewing the facts of *Hassler*, the Court of Appeals noted *Hassler*'s holding that upon acceleration of a note, "the entirety of the remaining debt becomes due and therefore the cause of action to collect the entire debt arises." *Castle Rock Bank*, 292 P.3d at

1084, citing *Hassler* 274 P. 3d at 549.  Because Castle Rock Bank had not accelerated either of

the notes at issue, *id.* at 1087, the Court of Appeals examined the language of the notes,

following the *Hassler* court's instruction that "the statute of limitation for a debt owed under a

promissory note begins to run when the cause of action accrues, which occurs on the date that the

debt 'becomes due' by the terms of the parties' agreement."  *Id.* at 1087, citing *Hassler,* 247 P.3d

at 551.  The Court of Appeals then determined that both the notes in question – like the Note

signed by Plaintiff in this case – required payment of "the unpaid principal balance plus accrued

interest" on the maturity date.  *Id.* at 1088; see Motion to Dismiss Exhibit A, ¶3(A) ("If, on

November 1, 2035, I still owe amounts under this Note, I will pay all those amounts, in full, on

that date").  Accordingly, the Court of Appeals determined that the principles enunciated by the

Colorado Supreme Court in *Hassler* as applied to an unaccelerated, unmatured installment note

meant that the statute of limitations with respect to the entire amount of the debt would not begin

to run until the maturity date of the notes.  *Id.* at 1089.

Nothing in this holding conflicts with the Colorado Supreme Court's holding in *Hassler*.

Read together, and applied to the Note at issue in this case, *Hassler* and *Castle Rock Bank* can

lead to but one conclusion - because the maturity of the Note has not been accelerated and the

stated maturity of the Note has not occurred, RTR's cause of action with respect to the amounts

which will become due and owing on the maturity of the Note has not yet arisen and the statute

of limitations with respect to that cause of action has not yet commenced to run.[4] Because the

debt is not time-barred, RTR has not violated the FDCPA.

---

[4] Plaintiff also cites *Cranmer v. Bank of America*, *NA* NO.16CA0208 (Colo. App. 2016) for the proposition that the statute of limitations runs from the date of default on which an acceleration was based.  As Plaintiff herself notes, this unpublished decision is not binding, and statement for which Plaintiff cites it is dicta. Moreover, the Court's statement is very difficult to reconcile with *Hassler's* quite clear holding that the cause of action accrues upon acceleration.

**C.      RTR Has Not Committed Laches.**

In support of its claim that RTR has committed laches, Plaintiff cites *Malouff v. Midland*

*Fed. Savings & Loan Ass'n*, 509 P. 2nd 1240, 1246 (Colo. 1973) for the proposition that an

election to accelerate a loan more than a year after the first default is unreasonable.  While the

*Malouff* court did state that if the defendant had accelerated several years after the default its

conduct would not be considered reasonable, this statement was dicta in response to a

hypothetical posed by the plaintiff – in fact the defendant in that case had accelerated within a

month.  *Malouff*, 509 P. 2nd at 1246.  Neither Plaintiff's Complaint nor the Opposition contain

any facts from which this Court conclude that RTR's actions *in this case* were unreasonable or

caused any harm to Plaintiff.[5]

**IV.      CONCLUSION**

For all the foregoing reasons, RTR's motion to dismiss should be granted and Plaintiff's

Amended Complaint should be dismissed with prejudice.

Repectfully submitted, this  11th day of January, 2019.

> WEINSTEIN & RILEY, P.S.
>
>  /s/ Charles H. Jeanfreau, Jr.
> Charles H. Jeanfreau Jr., NY Bar # 2958940
> 11 Broadway Ste 615
> New York, NY 10004-1490
> Telephone: (212) 268-5540
> Facsimile: (206) 269-3493
> Email: CharlesJ@w-legal.com
>
> And

---

[5] Indeed, some cases suggest that it would be against public policy to require a creditor to take action prior to the maturity date of the debt instrument.  *Castle Rock Bank*, 292 P.2nd at 1090, citing *First Nat'l Bank v. Park* 86 P.106, 107 (Colo. 1906) ("a creditor would scarcely make a contract which would against his option mature the note every time the maker saw fit to be delinquent in the payment of interest.").

Deanna L. Westfall, attorney # 23499
Lisa Concanon, attorney # 43043
11101 West 120th Avenue, # 280
Broomfield, CO 80021
Phone: (303) 539-8600
Fax:    (206) 269-3493
Email:   deannaw@w-legal.com; lisac@w-legal.com

*Attorneys for Defendant Real Time Resolutions, Inc.*